CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 12 2005
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR30003 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| FRED L. BAKER, | ) | |
| | ) | |
| Defendant, | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple-count Indictment charging defendant, in Counts One through Twenty-Two, with devising or intending to devise a scheme and artifice to defraud the Social Security Administration (SSA) or to obtain Social Security Disability benefits from the SSA by means of false or fraudulent pretenses, representations, or promises, and, in furtherance of that scheme and artifice, transmitting or causing to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce a writing, sign, signal, picture, or sound, to wit, the defendant caused government funds to be wired from Philadelphia, Pennsylvania to Wachovia Bank in the Western District of Virginia, all in violation of 18 U.S.C. § 1343; and in Counts Twenty-Three through Forty-Four with willfully and knowingly stealing and purloining, or knowingly converting to his own use, a thing of value of the United States or a department or agency thereof, that is, money in the form of SSA disability payments, of a value more than $1,000.00, in violation of 18 U.S.C. § 641. On April 5, 2005, a plea hearing was conducted before the undersigned, and the

defendant entered a plea of guilty to Counts One **and** Forty-Four of the Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss Counts Two through Forty-Three upon acceptance of defendant's plea to Counts One and Forty-Four.

At this hearing the defendant was placed under oath and testified that his full legal name is Fred L. Baker, Jr., that he was born on February 11, 1947, and that he completed the eighth grade. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug, nor was subject to any physical or mental condition, which would impair his ability to understand the nature of the proceedings being held, the nature of the charges against him, or the consequences of pleading guilty to those charges. The defendant did testify that he was taking blood pressure medication, sugar, and an anti-depressant, but stated that none of the aforesaid medications affected his mental clarity or comprehension of the proceedings. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and

agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Counts One and Forty-Four, including any facts related to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of such offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 for each felony conviction, for a total of $200, that he will be required to pay restitution based upon the entire scope of his criminal conduct as set forth in the plea agreement, that, in furtherance of his payment of restitution, he will be required to participate fully in inmate employment under any available or recommended programs operated by the Federal Bureau of Prisons, and that amount of loss fixed by his plea of guilty to Counts One and Forty-Four will not bind any victims of those offenses who may be able to prove greater loss resulting from his conduct in any future civil suit. The defendant further stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United

Case 5:05-cr-30003-GEC-BWC   Document 26   Filed 04/12/05   Page 3 of 8   Pageid#: 57

States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which he is charged is, in the case of Counts One through Twenty-One, five years imprisonment and a $250,000 fine, together with supervised release; in the case of Count Twenty-Two, twenty years imprisonment and a $250,000 fine, together with supervised release; and in the case of Counts Twenty-Three through Forty-Four, ten years imprisonment and a $250,000 fine, together with supervised release. The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant testified that he agreed that Sentencing Guideline Section 2B1.1, with a base offense level of six (6), is applicable to his criminal conduct. The defendant further stated that he

agreed that the amount of loss attributable to the offenses for which he has been charged is between $10,000 and $30,000, that this amount is readily provable by the United States at this stage of the investigation, and that, therefore, four (4) levels should be added to his offense level. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility. The defendant further stated that he understood that the government would recommend that his sentence of incarceration be fixed at the low end of the applicable sentencing guideline range, but that the court would not be bound by the government's recommendation. The defendant testified that he understood that the government will not object to the imposition of alternatives to incarceration or to allowing the defendant to self report to the Bureau of Prisons for commencement of his sentence. On the other hand, the defendant stated that he understood that the government will object to any motion for downward departure. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless he voluntarily elected to do so in her own defense;

7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also testified that he understood the possible consequences of her plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Counts One and Forty-Four of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and accepted said Summary in its entirety. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged may be summarized as follows:

The defendant applied for Social Security Disability Benefits in 1996. He was approved to receive benefits in 1997. In the application for benefits, the defendant agreed to notify SSA if his medical condition improved so that he would be able to work or if he went to work either as an employee or a self-employed person. Defendant returned to work in 1998 and failed to notify SSA as required. In November 2000, SSA was notified of his reporting responsibilities and his obligation to notify SSA if he returned to work regardless of how little he earned. Although the defendant continued to work, he still did not notify SSA.[1] During various periods of employment between 1998 and 2002,

---

[1] Defendant earned approximately $10,967 in 2000; approximately $18,314 in 2001; and approximately $19,926 in 2002.

of benefits, to which the defendant was not entitled, between October 2000 and August 2002. These payments, each of which constituted a thing of value of the United States, were sent by wire transfer from Philadelphia, Pennsylvania to Wachovia Bank. The defendant held an account at a Wachovia Bank branch in the Western District of Virginia. SSA overpaid the defendant by more than $27,000.

**PROPOSED FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Forty-Four of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Counts One and Forty-Four of the Indictment and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. The scheduling clerk for the presiding District

Judge will contact both parties to schedule a sentencing hearing.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
United States Magistrate Judge

April 12, 2005
Date